## SPLANE, Curator, *v.* MITCHELTREE.

One aware that another had purchased land from a third person, and that the purchaser was in possession, but had failed to have his title recorded in the parish in which the land was situated, from whatever source such knowledge may have been derived, can acquire no title to the property to the prejudice of the purchaser.

APPEAL from the District Court of St. Martin, *Boyce,* J.

*R. N.,* and *A. N. Ogden,* for the appellant, contended that the judgment of the lower court was erroneous, plaintiffs being clearly entitled to judgment for one-half of the land.

*Simon* and *Morphy,* for the defendant. *In cases of mortgages,* it has been decided that, *whatever might have been the effect of a want of registry* of the contract, in pursuance of which the plaintiff proceeded to do the work undertaken by him, to defeat his claim of privilege, &c. the defendant cannot profit by the alleged defect of recording, where knowledge of the existence of the privilege had been brought home to the latter, from its being noticed in the act of sale from the vendors to him. *Carker* v. *Walden,* 6 Mart. N. S. 713. It is now a settled rule, that *a purchaser, with a knowledge of an existing mortgage, cannot avail himself of the want of registry.* *Planters' Bank of Georgia* v. *Allard,* 8 Mart. N. S. 136, and the authorities therein cited. See also 6 Robinson, 88, case of *Rachal* v. *Normand et al.*

*In cases of sales:* An act *sous seing privé,* accompanied by possession, *has effect against third persons.* Case of *Roulin* v. *Sabatier et al., Syndics.* 6 Mart. N. S. 429. Notice to a third party, who purchases at a sale, *of prior title,* is sufficient to hold the property, *although the title may not be regularly recorded,* if such notice be given at or before the sale. *Bell* v. *Horn et al.,* 8 Mart. N. S. 243. Purchasers of property, *who collude with the vendor* in the sale of it, with the view to defraud the true owner, cannot avail themselves of the omission to record the act of partnership under which the property is claimed. *Millaudon* v. *Sylvester et al.,* 8 La. 262.

This case appears, from the position taken on the appeal by the plaintiff's counsel, to resolve itself into a question of costs in this court; but we respectfully submit whether, if the lower court has, through error, allowed the defendant more land than he has shown a title to, *which title was specially pleaded in his answer,* it was not the duty of the plaintiff to move for a new trial below, to correct the error, thus showing that he did not persist in his original demand *for the whole land.* Code of Practice, arts. 546, 547, 557, 558.

The judgment of the court was pronounced by

KING, J. This is a petitory action, instituted by the plaintiff, as curator of the succession of *Maxwell,* to recover a tract of land, to which he alleges that the defendant asserts title. The defendant, in his answer, pleads the general issue, and avers that he is the owner of the land in controversy, in virtue of a valid conveyance from *W. D. Campbell,* by act under private signature, duly registered, under which he took immediate possession, which he has held without

34

SPLANE      interruption ever since.    He further alleges that *Maxwell*, well knowing his
*v.*        title, colluded with his vendor, *Campbell*, and procured a transfer from the latter
MITCHELTREE.
to himself of the land in contest, with the view of cheating and defrauding the
defendant.    A judgment was rendered in favor of the defendant in the court
below, and the plaintiff has appealed.

It is shown by the evidence, that *Campbell*, who was the owner of a quarter
section of land situated in the parish of St. Martin, by an act under private sig-
nature, conveyed the east half of the tract to the defendant, who, immediately
after the purchase, took possession of the land thus acquired, which possession he
has held without interruption since that time.    The act of sale was not proved
and recorded in the parish of St. Martin until the 31st of July, 1841.    *Maxwell*,
who was aware of the ownership and possession of the defendant, and that the
title of the latter had not been duly registered, took a conveyance from *Campbell*,
the defendant's vendor, of the entire quarter section, by an authentic act, which
he caused to be recorded in the parish of St. Martin, on the 16th of July, 1841,
prior to the registry of the defendant's title in that parish.    About the time that
this sale was made to him, he stated to one of the witnesses, that he had the ad-
vantage of the defendant; that the latter had neglected to have his sale recorded
in the proper parish; and that he *(Maxwell)* would start the next morning before
day-light to St. Martin, to have the sale from *Campbell* to himself recorded.
The testimony of this witness is corroborated by that of others, and leaves no
doubt that Maxwell was, at the time of the conveyance to himself, fully informed
of the defendant's ownership and possession of one-half of the land in question.
Possessing this knowledge, whether derived from the public records or from
other sources, he could acquire no title to the prejudice of the defendant.    But
the bad faith of *Maxwell* affected his title only to that half of the quarter section
of land which was acquired by the defendant; for the remaining half, the con-
veyance to him was valid, and to that extent he was entitled to recover.    The
judgment of the lower court, rejecting the plaintiff's claim for the west half of
the quarter section of land in controversy, is erroneous.

It is therefore ordered that, the judgment of the District Court be avoided and
reversed.    It is further decreed that, the succession of *William Maxwell*, de-
ceased, be the owner of the west half of the lot, or north-west quarter of the
section numbered thirty-six, in township number eleven, south, of range number
eleven, east, and that the defendant be quieted in his title and possession of the
east half of said lot or quarter section.    It is further ordered that the defendant
pay the costs of both courts.